*Drane,* for appellee.

---

JOHN W. HAZELRIGG *v.* F. GRAY.

**Vendor and Purchaser—Lost Bond—Evidence.**

The evidence was held not to show any cause of action by plaintiff on an alleged lost bond for the conveyance of certain land.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 27, 1873.

Opinion by Judge Pryor:

We are satisfied from the evidence in this case that no contract for the sale of land was entered into between the appellant and appellee or a bond executed to the latter by the appellant for title. Henry and Vincent, upon whose testimony the judgment against the appellant is based, are speaking as to the contents of a lost bond, that both say was executed by Hager to Gray. There is no pretense that the appellant ever made but one contract with any of these parties for the sale of this land, and still if full credence is to be given the statement made by those deposing on each side, the conclusion is inevitable that the appellant executed a bond for title to both Gray and the Biy Sandy Oil Mining Company; either two bonds were given or the witnesses on one side or the other have forgotten the contents of the bond, and the party to whom it was executed. Henry and Vincent are giving their statements of the contents of a lost writing and have nothing save their own recollection to enable them to say what it contained, or who were the parties to it. On the other hand the appellant swears positively as to the contents of the writing and has before him a copy taken at the time the original was written. In this he can not be mistaken. This copy is either the contract or he has deliberately made a statement that he knew must be false, and there is nothing in the record to authorize such a conclusion. It is true he is the party sought to be made liable and upon his testimony he relies for a recovery. Is he not fully, however, sustained by Vincent himself? The copy of the contract exhibited by the appellant is dated the 13th of April, 1865, and by its terms the Big Sandy Oil Mining Co. had sixty days to accept or reject it. A proposition had been made by either to extend this time, and on the 20th of July, 1865, Vincent, one of the appellee's witnesses, and an agent for, as well as interested in this Oil and Mining Company, wrote the appellant a letter in response to one the latter had written, in which he excuses himself for not responding sooner for the reason that one of the members of the firm was absent, and his return was awaited in order that a consultation might be had. This consultation was had and Vincent adds: "I am authorized to say that we accept the extension of the contract of April 13, 1865, as contained in your letter of June 5, 1865," etc. The copy exhibited by appellant is of the same date of the contract

alluded to in the letter of Vincent, and in fact this letter identifies it as certainly as Hazelrigg's own statement. If the contract was not made with this company, why the necessity or the inducement for the company by its agents entering into this correspondence with the appellant? It is time, the witnesses for appellee say, that there was a probability of Gray's permitting the company to take it. This letter, however, shows beyond question that the company not only at that date regarded the contract as that of the company, but as having been made originally by the company and we have no doubts but an exhibition of the appellant's letter to the company would throw much light upon this controversy. Gray, it seems, gave a check for that money paid appellant, but he was a member of this firm, as well as Henry, who pretends to have made the contract with appellant for Gray. The appellee has failed to show any cause of action on this alleged lost bond. The appellant has not brought the Oil & Mining Company before the court and can not therefore ask a judgment on his counterclaim. The judgment of the court below is reversed and cause remanded with directions to dismiss appellee's petition and also the appellant's petition.

The counterclaim to be dismissed without prejudice and for further proceedings consistent herewith.

*Buckner, Hazelrigg, for appellant.*

*Apperson, Reid, for appellee.*